# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JEFFERY GETER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BALDWIN STATE PRISON,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:16-cv-00444-TES-CHW** |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the United States Magistrate Judge's Recommendation [Doc. 80] regarding the dismissal of an unserved Defendant, Dr. King. Before proceeding to the Recommendation, the Court, as a preliminary matter addresses the Affidavit [Doc. 79] filed by Plaintiff subsequent to this Court's Order [Doc. 77] dismissing Defendant Dr. Akunwanne.

### PLAINTIFF'S PRE-RECOMMENDATION AFFIDAVIT [Doc. 79]

In his Affidavit, Plaintiff reiterates the same arguments considered by the Court in its ruling on Dr. Akunwanne's Motion to Dismiss [Doc. 45]. To the extent Plaintiff asserts new arguments based on the language contained within the Court's Order in an attempt to file a motion for reconsideration, these arguments fall well below this Court's standards regarding reconsideration motions. However, given Plaintiff's *pro se* status and

out of an abundance of caution, the Court construes his Affidavit as a Motion for Reconsideration and considers the same, as well as a litany of other filings made by Plaintiff, below.

A.   Standard of Review

Pursuant to this Court's local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.6, M.D. Ga. Accordingly, such motions are appropriate only if Plaintiff demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

B.   Discussion

Plaintiff's reconsideration motion offers no basis for disturbing the Court's previous ruling. The motion fails to signal a change in the law, proffer novel evidence, or otherwise demonstrate that the Court's rulings, as well as the authorities cited within the Court's Order, are clearly erroneous and work a manifest injustice. *See Bryant*, 2010 WL 2687590 at *1.

2

These claims are simply yet another attempt to relitigate old matters or to insert new arguments based on the Court's Order in a backdoor-attempt to hopefully obtain relief. Even considering Plaintiff's "new" exhaustion arguments, they reargue issues already settled by the Court. Thus, they do not merit reconsideration, and the Court's Order dismissing Defendant Dr. Akunwanne stands.

### PLAINTIFF'S ADDITIONAL FILINGS [Docs. 81, 83, 84, 85, 86] AND THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION [Doc. 80]

After the United States Magistrate Judge filed his Recommendation, Plaintiff filed five documents. First, Plaintiff filed a Motion for Extension of Time to File Objection [Doc. 81], which the Magistrate Judge granted and gave Plaintiff until October 15, 2018, to file his written objections. [Doc. 82]. Second, is Plaintiff's Notice of Filing Proposed Summons [Doc. 83]. This filing is materially similar[1] to the proposed summons also filed on October 4, 2018, which the Court discusses immediately below. *See* [Doc. 83 *in connection with* Doc. 84-1]. Third, is a Response [Doc. 84][2] regarding Dr. Akunwanne's Motion to Dismiss [Doc. 45]. In this filing, Plaintiff "prays for Motion For Reconsider to And in Response to Defendant's Motion For Reconsideration and Motion For Dismiss Plaintiff Complaint."

---

[1] The only material difference between the two filings is Plaintiff's attachment of what appears to be a medical identification bracelet. [Doc. 83, at p. 5].

[2] Plaintiff also submitted a Proposed Summons [Doc. 84-1] simultaneously with his Response/Second Motion for Reconsideration [Doc. 84]. Plaintiff provided a full address for summons with regards to the previously dismissed Dr. Akunwanne. [Doc. 84-1, at p. 3]. However, Plaintiff still provides the same address for Dr. King, "Dr. King, Atlanta Medical Center, Floor 3 or 4," an address previously determined by the Clerk of Court to be "too vague to permit service." [*Id.* at p. 2]; *see also* [Doc. 80, at p. 1].

[Doc. 84, at p. 1 [*sic*]]. For the same reasons discussed above (regarding Plaintiff's Affidavit [Doc. 79] construed as a Motion for Reconsideration), the Court also **DENIES** this Motion for Reconsideration. Fourth, Plaintiff filed another Affidavit [Doc. 85], but again presents nothing of merit to cause the Court to doubt or change its previous ruling. To the extent Plaintiff attempts to, in this final affidavit, once again amend his complaint to include an excessive force claim, the Court declines to entertain such an additional claim because it was not first presented to the magistrate judge for consideration at the initial screening level pursuant to 28 U.S.C. § 1915A. *See* [Docs. 85, 85-1]. *See also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge but, rather, was raised for the first time in the party's objections to the magistrate judge's report and recommendation.). Fifth, and finally, Plaintiff, within the extension period allotted by the Magistrate Judge, filed an Objection [Doc. 86]. Therefore, the Court is required to "make a de novo determination of those portions of . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

    A.    <u>The United States Magistrate Judge's Recommendation</u>

In the Recommendation, the United States Magistrate Judge recommends dismissal of Defendant Dr. King for two reasons. First, under Federal Rule of Civil Procedure 4(m) Plaintiff failed to provide sufficient information to permit timely service of process upon Defendant Dr. King. Fed. R. Civ. P. 4(m). Second, the United States

Magistrate Judge recommends dismissal as to Dr. King on the bases that the Court's underlying dismissal of Dr. Akunwanne "applies with equal force" to Plaintiff's claims against Dr. King. [Doc. 80, at p. 2]. In light of the Court's Order [Doc. 77] as to Defendant Dr. Akunwanne's Motion to Dismiss [Doc. 45], the United States Magistrate Judge recommends dismissal because Plaintiff failed to exhaust his administrative remedies and therefore fails to state a claim against Dr. King as well. 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  Plaintiff's Objection

In his objection, Plaintiff states that he "did A Grivance on Date 10-2-18." [Doc. 86, at p. 1 [*sic*]]. However, this grievance cannot relate to this action and the remaining portions of Plaintiff's objection, aside from his "Motion For Appointment of Counsel,"[3] are recycled statements concerning his condition and the weight of his prison mail. [Doc. 86]. Due to Plaintiff's failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and his failure to provide sufficient information as to the address for Defendant Dr. King, the Court finds that Plaintiff's objections lack merit.

**CONCLUSION**

Notwithstanding Plaintiff's Objection [Doc. 86], as well as his other various filings, the Court **ADOPTS** the Recommendation [Doc. 80] of the United States Magistrate Judge

---

[3] Given the disposition of this Order, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel embedded within his objection. [Doc. 86, at p. 10].

5

and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DISMISSES** Defendant Dr. King **without prejudice**. Thus, as there are no remaining Defendants in the case, the Court **DIRECTS** the Clerk of Court to close this case.

**SO ORDERED**, this 18th day of October, 2018.

<u>**S/ Tilman E. Self, III**</u>
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT