IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JEFFERY GETER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:16-cv-444-TES-CHW |
| | : | |
| DR AKUNWANNE, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER

This Section 1983 action arises from Plaintiff's claims that two prison doctors, Defendants Akunwanne and King, failed to provide needed medical care relating to the alleged removal of a brain tumor. Before the Court at present are two motions filed by Plaintiff Jeffery Geter.

In one motion, Plaintiff seeks an extension of time. (Doc. 118-1, p. 2). The Defendants do not oppose Plaintiff's request, and accordingly, the motion is **GRANTED**. The discovery period will now expire on **October 4, 2021**. The deadline for dispositive motions is correspondingly extended until **November 18, 2021**.

In his other motion (Doc. 117), Plaintiff appears to ask the Court both to provide Plaintiff with copies of documents and to do so at Court expense. Plaintiff must conduct discovery on his own behalf, and despite his *in forma pauperis* status, Plaintiff is required to bear the costs of his own discovery. Plaintiff is not entitled to free copies of documents. *See Jackson v. Fla. Dept. of Fin. Serv.*, 479 F. App'x 289, 292–93 (11th Cir. 2012). Therefore, Plaintiff's motion for copies is **DENIED**.

1

Finally, it is possible that Plaintiff's motion for copies may also seek to amend his complaint. *See* (Doc. 117, p. 2) ("I want to add a (A.D.A) lawsuit"). To the extent that Plaintiff seeks to amend his complaint in this action to also advance an ADA claim, Plaintiff's request is **DENIED** for two reasons. First, because Plaintiff has failed to describe the nature of any possible ADA claim in non-conclusory fashion, his request for amendment is presently futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Second, even if Plaintiff could plead a colorable ADA claim—a claim relating, for example, to disability access to within Plaintiff's prison facility—that claim would almost certainly arise from a different "transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 21(a), and for that reason, the claim would be better raised in a different Section 1983 action.

**SO ORDERED**, this 17th day of August, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge