IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEFFERY GETER,** | : |
| **Plaintiff,** | : |
| v. | : Case No: 5:16-cv-00444 (TES) (CHW) |
| **Dr. AKUNWANNE,** | : |
| **Defendant.** | : |

### ORDER ON "MOTION NOT TO DISMISS"

On March 29, 2022, the Court entered an order dismissing this action for Plaintiff's failure to prosecute and failure to comply with orders of the Court. On April 5, 2022, the Court received from Plaintiff a document in which he "move[s] the Court not to dismiss this action." (Doc. 169). This document may be construed as a request for an extension of time to respond to the February 24, 2022 Order to Show Cause (Doc. 163), in which the Court directed Plaintiff to show cause why his complaint should not be dismissed in response to Plaintiff's second refusal to participate in his own deposition.

Although Plaintiff's motion is undated, and the envelope in which it was sent does not bear a postmark, it appears likely that it was sent prior to Plaintiff's receipt of the Court's order of dismissal. In the motion Plaintiff complains about delays in his receipt of mail and states that he received the Court's Order to Show Cause on March 25, 2022, a month after it was mailed. A time-stamped copy of the Court's Order (Doc.169-1) confirms this date. Plaintiff states that he "has not get no mail on time to file back to the Court or Defendants." He also notes that he received Defendants' Notice of Filing Supplemental Authority (Doc. 165) on March 25 as well.

The Court is well familiar with the slowness of prison mail. Although the delay of a month for delivery of the Court's Order is particularly egregious, a delay of at least a week from the mailing of a document to the Court's receipt is common. Thus, it would be reasonable to presume that Plaintiff mailed his motion shortly after receiving the Order to Show Cause and before receiving the Court's Order dismissing the case. As such, Plaintiff's motion may be construed as a timely request for an extension of time to prepare a response to the Order to Show Cause.

Nevertheless, the motion must be denied. Plaintiff makes no effort to explain his refusal, on two separate occasions and in defiance of Court orders, to participate in his own deposition. His motion does not demonstrate any need for additional time to explain his refusal. The long record of this case shows that Plaintiff has consistently refused or failed to engage the merits of his claims, which were doubtful from its initial screening. Plaintiff has never attempted to establish a factual basis for his claims, from his early failure to pursue the prison grievance system, to his refusal to cooperate with the attorneys recruited by the Court to assist him, to his repeated failure to give a deposition and tell his story in his own words. His final, last-minute request for additional time to explain his failure to comply with the Court's order is insufficient. Accordingly, Plaintiff's "motion not to dismiss" (Doc. 169), construed as a motion for extension of time to respond to the Court's show cause order, is **DENIED**.

**SO ORDERED**, this 18th day of May, 2022.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge